IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| IN THE MATTER OF : <br> MOUNTAIN VALLEY COMMUNITY : <br> BANK, : <br> : <br>     Appellant, : <br> : <br> v. : <br> : <br> TERRY ROBERT FREEMAN, : <br> : <br>     Appellee. : <br> _____: | Case No. 3:13-CV-00017 (CAR) <br> Bankruptcy Appeal |

## ORDER ON APPEAL

Appellant-Creditor Mountain Valley Community Bank's ("MVCB") appeals the United States Bankruptcy Court for the Middle District of Georgia's memorandum opinion and order dismissing MVCB's adversary complaint with prejudice. MVCB contends the Bankruptcy Court erred by (1) ruling that MVCB could not initiate a confirmation action because the time to do so had expired; (2) determining that MVCB's failure to pursue timely confirmation precluded MVCB from seeking a deficiency claim in Appellee-Debtor Terry Robert Freeman's bankruptcy case; and (3) concluding that MVCB does not have an enforceable claim against Freeman. Having considered the record of the lower court, the briefs filed by both parties, and the relevant case law, the Court agrees with the findings and conclusions of the United States Bankruptcy Court. Accordingly, the decision of the Bankruptcy Court is hereby **AFFIRMED**.

**LEGAL STANDARD**

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).  In reviewing the decision of a bankruptcy court, a district court functions as an appellate court.[1]  In that capacity, district courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."[2]  The Court must accept the Bankruptcy Court's findings of fact unless those facts are clearly erroneous.[3]  The Court may not make independent factual findings.[4]  Conclusions of law, however, including the Bankruptcy Court's interpretation and application of the United States Bankruptcy Code, are reviewed *de novo*.[5]  Thus, this Court owes no deference to the Bankruptcy Court's interpretation of the law or its application of the law to the facts.[6]

**BACKGROUND**

On December 8, 2006, Freeman signed a note for $700,000.00 in favor of MVCB.[7]  The note was secured by property in White County, Georgia owned by Freeman and

---

[1] *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam).
[2] Fed. R. Bankr. P. 8013.
[3] *Id.*
[4] *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1384 (11th Cir. 1990).
[5] *See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593 (11th Cir. 1990).
[6] *Goerg v. Parungao (In re Goerg)*, 930 F.2d 1563, 1566 (11th Cir. 1991)**.**
[7] Complaint, Exhibit "A" [Doc. 1-3, p. 7].

two other parties.[8]  In connection with the loan and its subsequent renewals, Freeman provided MVCB with various personal financial statements showing that he also owned certain real property in Snellville, Georgia, free and clear of any mortgages or contracts, with a value between $600,000.00 and $700,000.00.[9]  In fact, Freeman did not own the Snellville property; it was owned by his father.[10]

Freeman filed for Chapter 7 liquidation on November 16, 2010.[11]  On February 15, 2011, MVCB filed an adversary proceeding seeking a determination that Freeman's obligation on the note was nondischargeable due to Freeman's false statements regarding the Snellville property.[12]  On February 17, 2011, the lower court granted a general discharge in bankruptcy pursuant to 11 U.S.C. § 727.[13]  On May 13, 2011, MVCB moved for relief from the automatic stay to foreclose on the White County property.[14]  The Bankruptcy Court granted MVCB's motion on June 9, 2011, and MVCB foreclosed on the property on August 2, 2011.[15]

---

[8] *Id*.
[9] Allison Aff., Exhibits "A," "B," "C" [Doc. 1-3, pp. 51-60]; *see* Plaintiff's Motion for Summary Judgment, p. 2 (citing Allison Aff., ¶ 5, [Doc. 1-3, p. 48]) [Doc. 1-3, p. 24].
[10] *See* Plaintiff's Statement of Material Facts, ¶ 11 [Doc. 1-3, p. 38]; Defendant's Response to Statement of Material Facts, p. 2 [Doc. 1-3, p. 80].
[11] Chapter 7 Voluntary Petition [Doc. 1], *In re Freeman*, Ch. 7 Case No. 10-32105 (Bankr. M.D. Ga. Nov. 16, 2010).
[12] *See generally* Complaint [Doc. 1-3, pp. 1-15].
[13] Order Discharging Debtor [Doc. 1-5].
[14] Motion for Relief from Stay [Doc. 23], *In re Freeman*, Ch. 7 Case No. 10-32105 (Bankr. M.D. Ga. May 13, 2010).
[15] Order Granting Motion for Relief from Stay [Doc. 24], *In re Freeman*, Ch. 7 Case No. 10-32105 (Bankr. M.D. Ga. Jun 9, 2010); Plaintiff's Post-Trial Brief In Support of Its Complaint to Determine Discharge of Debt, p. 2 [Doc. 1-3, p. 111].

During the September 20, 2012 trial, the Bankruptcy Court determined that MVCB had yet to confirm the foreclosure sale of the White County property.[16] The court noted that without confirmation, there would be no deficiency claim against Freeman, and no remaining debt to be deemed nondischargeable.[17] Ultimately, in its memorandum order, the Bankruptcy Court ruled MVCB did not have an enforceable claim against Freeman because MVCB failed to seek timely confirmation of the foreclosure sale.[18] Accordingly, the court dismissed MVCB's adversary complaint with prejudice.[19] MVCB appealed.

## ISSUES ON APPEAL

A. **Whether the Bankruptcy Court erred by ruling that MVCB could not initiate a confirmation action because the time to do so had expired.**

B. **Whether the Bankruptcy Court erred by determining that MVCB's failure to pursue timely confirmation precluded MVCB from seeking a deficiency claim in Freeman's bankruptcy case.**

C. **Whether the Bankruptcy Court erred by concluding that MVCB does not have an enforceable claim against Freeman.**

## DISCUSSION

Georgia law requires confirmation of a foreclosure sale within 30 days.

---

[16] Trial Transcript, pp. 47-49 [Doc. 1-4].
[17] *See id*.
[18] *See generally* Memorandum Opinion [Doc. 46], *In re Freeman*, Adversary Proceeding No. 11-03019 (Bankr. M.D. Ga. Dec. 21, 2012).
[19] Order Dismissing Complaint [Doc. 47], *In re Freeman*, Adversary Proceeding No. 11-03019 (Bankr. M.D. Ga. Dec. 21, 2012.

Specifically, O.C.G.A. § 44-14-161(a) states:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

There is no dispute MVCB failed to confirm the August 2011 foreclosure sale. However, MVCB asserts that this 30-day period was tolled by 11 U.S.C. § 108(c), which provides that if applicable non-bankruptcy law fixes a period of time for commencing an action in which a debtor is protected, that time is tolled until the later of: "(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay … with respect to such claim."[20]  Based on this statute, MVCB contends that the automatic stay tolled the confirmation period until after it was lifted.  The Court disagrees.

The automatic stay, as it applied to the commencement of actions or proceedings against Freeman, terminated when the court granted discharge on February 17, 2011.[21] Thus, when MVCB foreclosed on the White County property, there was no stay in

---

[20] 11 U.S.C. § 108(c)(1)-(2).
[21] 11 U.S.C. § 362(c)(2)(C).

place. Applying 11 U.S.C. § 108(c)(1), MVCB had 30 days after the foreclosure sale to seek confirmation in the state superior court.[22] MVCB failed to confirm the foreclosure within the statutory amount allotted. While MVCB may be able to pursue other collateral that secures its claim, it cannot sue Freeman to obtain a deficiency judgment.[23] Thus, MVCB has no cognizable claim in bankruptcy.[24]

MVCB cites *In re McDaniel*[25] in support of its argument that the Bankruptcy Court did not provide relief from the automatic stay for MVCB to pursue a confirmation sale, and, accordingly that the tolling period under 11 U.S.C. § 108(c) is still in effect. In *McDaniel*, the Bankruptcy Court required the creditor to seek separate relief from the automatic stay to confirm the foreclosure sale after granting the creditor's prior request to foreclose.[26] One vital difference that distinguishes *McDaniel* from the instant case: in *McDaniel*, the court had not entered a discharge at the time of

---

[22] The Court must presume Freeman's debt was dischargeable for purposes of this analysis. *See, e.g.*, *In re Gibellino-Schultz*, 446 B.R. 733, 740 n.5 (Bankr. E.D. Pa. 2011) (applying a discharge and subsequent lift of the automatic stay to a section 523 proceeding, "unless" the debt is rendered nondischargeable, is consistent with both Congress' intent and "the allocation of the evidentiary burden" in the section 523 proceeding, where "the creditor/plaintiff has the burden of persuasion to demonstrate nondischargeability under sections 523(a)(2), (4), and (6)") (citing *Grogan v. Garner*, 498 U.S. 279, 288, (1991); *In re Graham*, 973 F.2d 1089, 1101 (3d Cir.1992)).
[23] *See Worth v. First National Bank of Alma*, 175 Ga. App. 297 (1985).
[24] To determine whether MVCB has a claim, the court must look to state law. *Grogan*, 498 U.S. 279, 283. "The term 'debt' means liability on a claim." 11 U.S.C. § 101(12). The term 'claim' means—(A) right to repayment…" 11 U.S.C. § 101(5). In this case, the right to repayment would be on the difference owed—or deficiency—on the White County property after foreclosure.
[25] No. 08-50021-JDW, 2008 WL 6858458 (Bankr. M.D. Ga. May 15, 2008).
[26] *See id.* at *2.

the creditor's request, and thus, the automatic stay remained in place.[27]  Here, the automatic stay was lifted, in its entirety, when the Bankruptcy Court granted discharge on February 17, 2011.[28]

## CONCLUSION

Having reviewed the applicable law and the arguments of the parties, the Court agrees with the decision of the Bankruptcy Court.  Accordingly, it is **HEREBY ORDERED** that the decision of the Bankruptcy Court be **AFFIRMED**.

**SO ORDERED,** this 26th day of March, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/ssh

---

[27] *See* Order Granting Discharge, [Doc. 64], *In re McDaniel*, Ch. 7 Case No. 08-50021 (Bank. M.D. Ga. Aug. 25, 2009).
[28] The same distinction applies to *Breeze v. Columbus Bank & Trust Co.*, 214 Ga. App. 534 (1994).